Filed 3/17/15  P. v. Johnson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>TYRONE JOHNSON,<br><br>　　　Defendant and Appellant. | D066151<br><br><br>(Super. Ct. No. SCD248196) |


APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III and Leo Valentine, Jr., Judges.  Reversed.


Nancy Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Ryan H. Peeck, Deputy Attorneys General, for Plaintiff and Respondent.

At 1:10 a.m. on May 17, 2013, intruders entered the victim's apartment on Imperial Avenue and stole his television set. Tyrone Johnson was charged with the crime. After the court denied his motion to suppress evidence (Pen. Code, § 1538.5; further statutory references are to this Code), a jury found Johnson guilty of receiving stolen property (§ 496, subd. (a)) and residential burglary when another person was in the residence (§§ 459, 460, 667.5, subd. (c)(21)). In a bifurcated proceeding, Johnson admitted allegations of two prior prison terms (§ 667.5, subd. (b)), two prior serious felony convictions (§ 667, subd. (a)) and three strikes (§ 667 subds. (b)-(i)). The court dismissed two of the strikes and sentenced Johnson to 22 years in prison: 12 years for residential burglary (twice the upper term), five years for each serious felony prior, a stayed (§ 654) six-year sentence (twice the upper term) for receiving stolen property and stayed one-year terms for each of the two prison priors. Johnson appeals, contending the court erred by denying his suppression motion and that his burglary conviction is unsupported by substantial evidence. Respondent correctly concedes the court should have granted the suppression motion and the conviction should be reversed.

BACKGROUND

Around 1:22 a.m. on May 17, 2013, San Diego Police Sergeant Kevin Valenzuela was on patrol in the area of 6000 Imperial Avenue. He heard a radio broadcast that a burglary "hot prowl" had occurred. Via his computer, he learned the location of the burglary was an apartment at 5625 Imperial Avenue. Valenzuela had passed that address by a block and a half or two blocks, so he made a U-turn. At the hearing on the

2

suppression motion, Valenzuela testified the burglary was reported to have occurred 10 minutes before the radio call, but he did not "remember hearing the time" of the burglary.

About a minute after the broadcast, Valenzuela saw a vehicle backing out of a driveway. He believed this "was kind of weird" because Imperial Avenue was a four-lane "main thoroughfare" and normally cars pulled out going forward. Valenzuela could not pinpoint the driveway, but testified he was "pretty sure" it was in the 5600 block of Imperial Avenue and "it was pretty close to 5600." He noted there were "not that many driveways where I turned around [from]" and there were no other cars pulling out of driveways in the area. Valenzuela did not see any pedestrians. He knew from the radio call that there were two suspects and they had left the burglary scene. He did not recall being given any description of the suspects.

Valenzuela followed the car about four blocks to 60th Street and Imperial Avenue, where they stopped for a red light. He tried to see if there were two occupants in the car, but could not tell. Valenzuela gave the dispatcher the car's license plate number, and the dispatcher told him the car was a rental. Valenzuela knew from prior investigations "that sometimes people commit crimes in rental cars that are not registered to them." He decided to stop the car "to make sure it wasn't involved in the burglary." Valenzuela testified that although the burglary was reported to have occurred 10 minutes earlier, "we get a lot of variation on suspect descriptions, times, distances . . . ."

Valenzuela stopped the car and contacted the driver, Johnson. A search of the trunk of the car revealed a television set that had been taken in the burglary.

3

At the suppression hearing, Johnson did not challenge anything that occurred after the stop. The only evidence presented by respondent at trial stemmed from the stop.

DISCUSSION

In reviewing the denial of a suppression motion, " 'we defer to the superior court's express and implied factual findings if they are supported by substantial evidence, [but] we exercise our independent judgment in determining the legality of a search on the facts so found. [Citations.]' " (*People v. Lomax* (2010) 49 Cal.4th 530, 563.) Thus, we accept the superior court's finding that Valenzuela did not learn, until after he made the stop, that the burglary had been reported to have occurred 10 minutes before the radio dispatch.

" 'A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' " (*People v. Hernandez* (2008) 45 Cal.4th 295, 299.) "The reasonableness of official suspicion is measured by what the officers knew before they acted." (*People v. Hester* (2004) 119 Cal.App.4th 376, 386.) "Law enforcement officers may 'draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person." [Citations.]' [Citation.] [¶] However, officers are not entitled to rely on mere hunches." (*Hernandez,* at p. 299.) "It is logical to assume that a suspect might get into a vehicle to leave the location of a crime and its investigation. Without more, however, that assumption does not rise to the particularized suspicion necessary to detain the vehicle and its occupants." (*People v. Bates* (2013) 222 Cal.App.4th 60, 67.)

4

In denying Johnson's suppression motion, the superior court relied on *People v. Conway* (1994) 25 Cal.App.4th 385. That case is distinguishable. There, the police dispatch reported "a burglary in progress" with two suspects. (*Id.* at pp. 388, 390.) The "defendant's vehicle . . . was leaving the immediate area of [the] reported burglary." (*Id.* at p. 388.) "The stop occurred less than two minutes from the time [the officer] received the burglary dispatch." (*Ibid.*) Here, Valenzuela stopped Johnson merely because there had been a report of a burglary in the area, Johnson was backing out of a driveway, he was the only person Valenzuela saw, he was driving a rental car and Valenzuela knew "that sometimes people commit crimes in rental cars . . . ."

The only evidence presented by respondent at trial stemmed from the stop of Johnson's car. Because we reverse the order denying the suppression motion, we reverse the judgment.

### DISPOSITION

The judgment is reversed.

McINTYRE, J.

WE CONCUR:


NARES, Acting P. J.


O'ROURKE, J.

5